Nada I. Shamonki (SBN 205359)
NIShamonki@mintz.com
Nadia Zivkov (SBN 342509)
NAZivkov@mintz.com
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

*Attorneys for Defendants*
*Aylo Freesites Ltd. and 9219-1568 Quebec Inc.*

[*Additional Counsel on Next Page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SCOTT ADAIR, KENT HENDERSON, and TARRIS WALLACE, individually and on behalf of a class of similarly situated individuals,

Plaintiffs,

v.

AYLO FREESITES LTD., a foreign entity, AYLO HOLDINGS S.A.R.L., a foreign entity, 9219-1568 QUEBEC, INC., a foreign entity, AYLO USA INCORPORATED and AYLO GLOBAL ENTERTAINMENT, INC.,

Defendants.

Case No. 2:25-cv-06351-WLH-KS

**DEFENDANTS' *EX PARTE* APPLICATION FOR CLARIFICATION OF COURT'S JULY 17, 2026 ORDER (DKT 66) ON DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Assigned to the Hon. Wesley L. Hsu

Amended Complaint filed: September 8, 2025
Case removed: July 11, 2025
Trial date: April 26, 2027

Christopher A. Lisy (admitted *pro hac vice*)
CALisy@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Seth R. Goldman (admitted *pro hac vice*)
SRGoldman@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
Facsimile: (212) 983-3115

*Attorneys for Defendants*
*Aylo Freesites Ltd. and 9219-1568 Quebec Inc.*

Defendants Aylo Freesites Ltd. and 9219-1568 Quebec, Inc. ("Defendants") hereby apply to the Court *ex parte* under Local Rule 7-19 for clarification of the Court's July 17, 2026 Order (the "Order") denying Defendants' Motion to Compel Arbitration (the "Motion"). Defendants respectfully request that the Court clarify that the Order ***held the Motion in abeyance*** pending resolution of the factual dispute regarding arbitrability or, in the alternative, denied the Motion ***without prejudice***.

Defendants provided notice of this *ex parte* Application to Plaintiffs' counsel of record. (Declaration of Christopher A. Lisy ("Lisy Decl.") ¶ 2.) Before filing this Application, counsel for Defendants conferred with Plaintiffs' counsel and notified them that Defendants intended to file this *ex parte* Application on August 7, 2026, identified the relief requested, and advised that any opposition should be filed by the later of 48 hours after service of the Application or by 3:00 p.m. on the first court day after service. (*Id.*) Plaintiffs' counsel advised that Plaintiffs take no position on this *ex parte* Application. (*Id.*)

Good cause exists for granting this Application because: (1) absent clarification, the Order is arguably immediately appealable and Defendants' notice-of-appeal deadline will continue to run; (2) absent clarification, Defendants may need to effect a protective appeal from an order that is intended to set a trial to determine arbitrability; and (3) Plaintiffs do not oppose the requested relief, so prompt clarification will not prejudice Plaintiffs and will allow the parties to focus on the upcoming trial regarding formation of the arbitration agreement. (Lisy Decl. ¶ 4.)

In support of this *ex parte* Application, Defendants have filed a Memorandum of Points and Authorities, the Declaration of Christopher A. Lisy, and a Proposed Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 7-19, Defendants respectfully request that the Court clarify that its July 17, 2026 Order held Defendants' Motion to Compel Arbitration in

abeyance pending resolution of the factual dispute regarding arbitrability or, in the alternative, denied the Motion without prejudice.

## I. PROCEDURAL HISTORY

On May 12, 2026, Defendants filed a Motion to Compel Arbitration. (Dkt. 52.) On July 17, 2026, the Court issued an Order denying Defendants' Motion because of a dispute regarding whether Plaintiffs intentionally created the two accounts at issue. (Dkt. 66.) The Court further ordered the parties to proceed to trial on that narrow factual question and to meet and confer regarding a jointly proposed trial date. (*Id.*) Defendants' deadline to file a notice of appeal from the Order is August 17, 2026. (Lisy Decl. ¶ 3.) It is unclear from the Order whether the Motion is held in abeyance pending trial or, alternatively, whether the Motion was denied with or without prejudice. (*See* Dkt. 66.)

Before filing this Application, counsel for Defendants conferred with Plaintiffs' counsel to provide notice that Defendants would seek clarification on an *ex parte* basis, identified the relief requested, and advised Plaintiffs that any opposition should be filed by the later of 48 hours after service of the Application or by 3:00 p.m. on the first court day after service. (Lisy Decl. ¶ 2.) Plaintiffs' counsel advised that Plaintiffs take no position on this *ex parte* Application. (*Id.*) The expedited need for relief arises because Defendants' notice of appeal deadline, as it relates to the July 17, 2026 Order, will expire before a regularly noticed motion could be heard, and absent clarification, Defendants may be forced to file a protective appeal. (Lisy Decl. ¶ 4.)

## II. ARGUMENT

"A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co*., No. 08-0555, 2010 U.S. Dist. LEXIS 84878 at *9 (N.D. Cal. July 20, 2010) (Seeborg, J.). "[A] request for clarification does not seek to 'alter or amend the judgment'" instead, "such a request 'invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties.'" *Id*. at *9-10 (*citing Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985)). "The clarification process presumes some legitimate need

supporting relief, such as the existence of ambiguity or confusion that can [be] corrected with further explanation." *Mohammed v. City of Morgan Hill*, No. 5:10-cv-05630, 2011 U.S. Dist. LEXIS 123496 at *4 (N.D. Cal. Oct. 25, 2011) (Davila, J.).

Here, although the Court's Order denied the Motion, it also directed the parties to proceed to trial on the following issue: "whether Plaintiffs intentionally created the two accounts in question." (Order, Dkt. 66.) In these circumstances, the appropriate course is to hold the Motion in abeyance pending further proceedings, consistent with Ninth Circuit precedent. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021) ("[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and ***hold any motion to compel arbitration in abeyance*** until the factual issues have been resolved.") (emphasis added); *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022).

Good cause exists for this *ex parte* Application because, absent clarification, the Court's Order is arguably appealable and the time to file a notice of appeal will continue to run. The Ninth Circuit's *Hansen* decision is instructive. There, the Eastern District of California denied a motion to compel arbitration on the basis that there was a genuine dispute of material fact as to whether the plaintiff entered into an agreement to arbitrate. As here, when it denied the motion the Eastern District of California also ordered a trial to resolve factual issues relating to whether the plaintiff was bound by an agreement to arbitrate.[1] *Hansen*, 1 F.4th at 670-71. The defendants appealed the denial order. The Ninth Circuit thereafter concluded that "[t]he district court's order denying the motion to compel was nonfinal" (because of a forthcoming trial on factual

---

[1] The Ninth Circuit observed that the "denial was merely for docket management purposes, because it did not reach the merits of the question whether [plaintiff] was bound to the arbitration agreement . . . . [I]n denying the motion to compel, the district court did not conclusively rule on whether [plaintiff] was bound to an arbitration agreement, but merely concluded that it could not resolve the issue as a matter of law." *Hansen*, 1 F.4th at 671.

issues relating to the arbitration agreement) but it nonetheless had "jurisdiction over the district court's order" and over whether to consider the appeal of the order. *Id.* at 671-672 ("Therefore, denial of a motion to compel arbitration is immediately appealable even if the district court 'intended to reconsider the question of arbitrability following further fact-finding and possibly a trial.'"). *See also Jackson v. Amazon*, 65 F.4th 1093, 1097 (9th Cir. 2023) ("[O]rders denying motions to compel arbitration have always been immediately appealable in our circuit."); *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) ("'The denial of a petition to compel arbitration is immediately appealable under 9 U.S.C. § 16(a)(1)(B).'") (internal citations omitted). Though it had jurisdiction over the appeal, to comply with the Federal Arbitration Act, the Ninth Circuit vacated the district court's order denying the motion to compel, explained the motion should be held in abeyance, and remanded so that the arbitrability issue could proceed to trial. *Hansen*, 1 F.4th at 672 (citing 9 U.S.C. § 4 and explaining, "once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.").

If the Court's July 17 Order is construed as a denial, Defendants would be compelled to file an appeal despite a forthcoming trial on formation of an agreement to arbitrate. Such an appeal appears unnecessary, would waste party and judicial resources, and Defendants respectfully submit that it would be inconsistent with their understanding of the intent of the Court's ruling. Clarification at this stage would avoid premature appellate proceedings and allow the parties to focus on the upcoming trial to resolve the formation issue.

Alternatively, if the Court did intend to deny the Motion at this stage, Defendants request that the Court clarify that the denial was *without prejudice* to renewal after the trial on arbitrability.

## III. PLAINTIFFS' INFORMATION

In accordance with Local Rule 7-19, Defendants include the name, address, telephone number and e-mail address of counsel for the Plaintiffs:

James C. Shah (SBN #260435)
Email: jcshah@millershah.com
Kolin C. Tang (SBN #279834)
Email: kctang@millershah.com
**Miller Shah LLP**
8730 Wilshire Blvd., Suite 400
Los Angeles, CA 90211
Telephone: (866) 540-5505

Kyle Shamberg (admitted PHV)
Email: kyle@csclassactions.com
**Carroll Shamberg LLC**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (872) 215-6205

## IV. CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this *ex parte* Application and clarify that its July 17, 2026 Order (Dkt. 66): (1) held the Motion in abeyance pending resolution of the factual dispute regarding arbitrability or, alternatively, (2) denied the Motion without prejudice, so that Defendants are not forced to prematurely file a notice of appeal.

DATED: August 7, 2026

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.

By: */s/ Christopher A. Lisy*
Christopher A. Lisy (admitted *pro hac vice*)
Seth R. Goldman (admitted *pro hac vice*)
Nada I. Shamonki
Nadia A. Zivkov

*Attorneys for Defendants Aylo Freesites Ltd. and 9219-1568 Quebec Inc.*