Nada I. Shamonki (SBN 205359)
NIShamonki@mintz.com
Nadia Zivkov (SBN 342509)
NAZivkov@mintz.com
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

*Attorneys for Defendants*
*Aylo Freesites Ltd. and 9219-1568 Quebec Inc.*

[*Additional Counsel on Next Page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SCOTT ADAIR, KENT HENDERSON, and TARRIS WALLACE, individually and on behalf of a class of similarly situated individuals,

Plaintiffs,

v.

AYLO FREESITES LTD., a foreign entity, AYLO HOLDINGS S.A.R.L., a foreign entity, 9219-1568 QUEBEC, INC., a foreign entity, AYLO USA INCORPORATED and AYLO GLOBAL ENTERTAINMENT, INC,

Defendants.

Case No. 2:25-cv-06351-WLH-KS

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND TO SUBSTITUTE CLASS REPRESENTATIVE**

Assigned to the Hon. Wesley L. Hsu

Hearing
Date: October 2, 2026
Time: 1:30 p.m.
Location: 350 W. First Street
Courtroom 9B, 9th Floor
Los Angeles, CA 90012

Amended Complaint filed: June 9, 2026
Case removed: July 11, 2025
Trial date: April 26, 2027

Christopher A. Lisy (admitted *pro hac vice*)
CALisy@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Seth R. Goldman (admitted *pro hac vice*)
SRGoldman@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
Facsimile: (212) 983-3115

*Attorneys for Defendants*
*Aylo Freesites Ltd. and 9219-1568 Quebec Inc.*

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT .......... 1

II. RELEVANT FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 4

A. Plaintiffs Cannot Establish Good Cause Under Rule 16. .......... 4

1. Plaintiffs Could Have Sought Substitution Before the Court's Deadline. .......... 5

2. Plaintiffs Offer No Explanation of When They Identified the Proposed Substitute Plaintiff. .......... 7

3. The Court's Order on Defendants' Motion to Compel Does Not Establish Good Cause. .......... 8

B. Even If Plaintiffs Establish Good Cause Under Rule 16, Leave Should Be Denied Under Rule 15. .......... 9

1. Allowing Leave to Amend Will Prejudice Defendants. .......... 9

2. Plaintiffs Unduly Delayed in Seeking Amendment. .......... 11

3. Plaintiffs' Prior Amendment Further Weighs Against Leave. .......... 13

V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Abbywho, Inc. v. Interscope Records*, No. CV 06-6724 MMM, 2007 U.S. Dist. LEXIS 105042 (C.D. Cal. July 25, 2007) .......... 5

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986) .......... 11

*Anthony v. Iron Mt., Inc.*, No. 2:20-cv-05932-AB, 2021 U.S. Dist. LEXIS 183305 (C.D. Cal. Sep. 23, 2021) .......... 8

*Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989) .......... 13

*Bates v. Leprino Foods Co.*, No. 2:20-cv-00700-AWI-BAM, 2022 U.S. Dist. LEXIS 146298 (E.D. Cal. Aug. 16, 2022) .......... 12

*Calzadillas v. Wonderful Co., LLC,* No. 1:19-cv-00172-DAD-JLT, 2019 U.S. Dist. LEXIS 184643 (E.D. Cal. Oct. 23, 2019) .......... 10

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000) .......... 4

*Du Maurier v. Laguna Beach Police Dep't*, No. SA CV 10-01855 SJO (JCG), 2011 U.S. Dist. LEXIS 143658 (C.D. Cal. Sep. 2, 2011) .......... 6, 8

*Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072 (9th Cir. 2024) .......... 13

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .......... 9, 13

*Green Payment Sols., LLC v. First Data Merch. Servs. Corp.*, No. CV 18-1463 DSF, 2018 U.S. Dist. LEXIS 224296 (C.D. Cal. Oct. 30, 2018) .......... 6

*Henderson v. City of Los Angeles*, No. CV 17-7494 PA, 2018 U.S. Dist. LEXIS 225572 (C.D. Cal. Mar. 26, 2018) ....... 7

*Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054 (N.D. Cal. 2015) ....... 11

*In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716 (9th Cir. 2013) ....... 4, 9

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) ....... 5, 7

*Kamal v. Eden Creamery, LLC*, 88 F.4th 1268 (9th Cir. 2023) ....... 4

*Lindblom v. Santander Consumer USA Inc.*, No. 1:15-cv-00990-AWI-BAM, 2019 U.S. Dist. LEXIS 163550 (E.D. Cal. Sep. 23, 2019) ....... 10, 11

*Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980 (9th Cir. 1999) ....... 6

*RePET, Inc. v. Zhao*, No. EDCV 15-2315-VAP, 2017 U.S. Dist. LEXIS 224774 (C.D. Cal. Jan. 13, 2017) ....... 6

*Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444 DDP, 2009 U.S. Dist. LEXIS 88574 (C.D. Cal. Sep. 24, 2009) ....... 10

*Walck v. Dunkerson*, 316 F. App'x 608 (9th Cir. 2009) ....... 12

**Other Authorities**

Fed. R. Civ. P. 15 ....... *passim*

Fed. R. Civ. P. 16 ....... *passim*

# I. PRELIMINARY STATEMENT

Defendants Aylo Freesites Ltd. and 9219-1568 Quebec Inc. ("Defendants")[1] hereby respond to Plaintiffs' Motion for Leave to Amend to Substitute Class Representative (the "Motion"). For the following reasons, Plaintiffs' Motion should be denied in its entirety.

Plaintiffs seek to replace themselves with a stranger to this case five months after Defendants informed them that they created accounts on the Pornhub.com website (thus excluding them from their own class definition and binding them to arbitrate their claims), four months after the deadline for motions to amend expired, and one month after this Court declined to resolve arbitrability in their favor. None of this is new. To the contrary, Plaintiffs maintain that they will prevail on arbitrability at trial and admit that they informed Defendants months ago that they would seek substitution if this Court ordered them to arbitrate. *See* Pls.' Mot. at 1-2, 4. That is the opposite of diligence under Rule 16 and precisely the kind of strategic, reserved amendment, that Rule 15 disfavors. Defendants have spent significant time and resources investigating Plaintiffs' account creation, engaging in multiple meet and confers with Plaintiffs concerning the same, and fully briefing their Motion to Compel Arbitration. Plaintiffs' attempt to avoid arbitration through a class representative bait-and-switch unfairly prejudices Defendants and should not be countenanced. Moreover, Plaintiffs do not explain when they identified their proposed substitute, William Cabezas, leaving them unable to demonstrate the diligence required by Rule 16. Because Plaintiffs cannot satisfy Rule 16, and because prejudice, undue delay, and a prior amendment each independently weigh against leave under Rule 15, Plaintiffs' Motion should be denied.

---

[1] Plaintiffs identify Aylo USA Incorporated as one of the Defendants that remained after the Court's ruling on Defendants' Motion to Dismiss (Motion at 1, fn. 1), but the Court did not retain jurisdiction over Aylo USA Incorporated. The only two Defendants in this matter over which the Court retains jurisdiction are Aylo Freesites Ltd. and 9219-1568 Quebec Inc. (ECF No. 58.)

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs' operative First Amended Class Action Complaint ("FAC") defines the putative class as California residents who do not have and have never had Pornhub.com (the "Website") accounts. (ECF No. 24 at ¶104.)

On March 5, 2026, counsel for Plaintiffs informed counsel for Defendants that Plaintiff Wallace in fact had created a Website account and that he would be voluntarily dismissed from the case. (Declaration of Christoper Lisy "Lisy Decl." ¶ 4.) Mr. Wallace was subsequently dismissed from the case on May 12, 2026. (ECF No. 51.)

Then, following the receipt of discovery responses on March 10, 2026 and an internal investigation, Defendants learned that Plaintiffs Scott Adair and Kent Henderson—currently the only two remaining plaintiffs—also had Website accounts (meaning that, like Wallace, they were ineligible to pursue claims on behalf of a differently situated putative class). Counsel for Defendants so informed counsel for Plaintiffs of this fact on March 16, 2026. (Lisy Decl. ¶¶ 5-6.)

On April 10, 2026, nearly one month after Defendants put Plaintiffs on notice of the Website accounts, the Court's deadline to hear motions to amend the pleadings expired. (ECF No. 47.) Although on notice of the infirmities of the claims of the purported class representatives, Plaintiffs did not seek to add or substitute a class representative before that date, and did not move to extend that deadline.

Defendants filed a Motion to Compel Arbitration on May 12, 2026, arguing that by creating accounts and accepting the Terms of Service of the Website, Plaintiffs agreed to resolve any claims arising from their use of the Website through arbitration before the American Arbitration Association, rather than in this Court. (ECF No. 52.) On July 17, 2026, after briefing by the parties, the Court ordered a "trial on the narrow question of whether Plaintiffs intentionally created the two accounts in question" (the "Trial"). (ECF No. 66.)

On July 28, 2026 and August 5, 2026, more than three months after the amendment deadline and more than four months after Plaintiffs were informed of the accounts, counsel for Plaintiffs advised that Plaintiffs intended to file a motion to amend the complaint to substitute a new class representative in place of Plaintiffs Scott Adair and Kent Henderson, and to dismiss the individual claims of Scott Adair and Kent Henderson without prejudice. (Lisy Decl. ¶ 7.) On August 7, 2026, the Parties stipulated and agreed to resolve Plaintiffs' Motion before the Trial. (ECF No. 68.) Defendants agreed to that sequencing as a practical accommodation to avoid the Parties and the Court expending even more resources preparing for a trial that Plaintiffs' Motion might render unnecessary. It was not, and should not be construed as, a concession that Plaintiffs' proposed amendment is timely, that Plaintiffs acted diligently, or that Defendants would not be prejudiced by substitution.

On August 12, 2026, the Court (1) granted the Parties' stipulation to defer setting Trial and pretrial deadlines pending resolution of Plaintiffs' forthcoming motion to amend, and (2) amended its July 17, 2026 order on Defendants' Motion to Compel Arbitration to state that the Motion to Compel remains under advisement pending a jury trial on the factual dispute as to whether Plaintiffs knowingly created the two accounts in question. (ECF Nos. 70, 71.)

On August 14, 2026, approximately five months after Plaintiffs were informed of the accounts and one month after entry of the order on Defendants' Motion to Compel Arbitration, Plaintiffs filed their Motion seeking leave to amend. (ECF No. 72.)

## III. <u>LEGAL STANDARD</u>

Where, as here, a motion to amend is filed after the court-ordered deadline, the governing standard is "good cause" under Rule 16, which "primarily considers the

diligence of the party seeking the amendment."[2] *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); Fed. R. Civ. P. 16(b)(4); *see also Kamal v. Eden Creamery*, LLC, 88 F.4th 1268, 1277 (9th Cir. 2023) ("Under Rule 16(b), a plaintiff 'must show good cause' for failing to amend the complaint 'before the time specified in the scheduling order expired.' The good cause standard 'primarily considers the diligence of the party seeking the amendment.'") (citations omitted). If that party was not diligent, "the inquiry should end." *Coleman*, 232 F.3d at 1294.

Only if Plaintiffs establish good cause under Rule 16 does the Court proceed to consider whether leave to amend is warranted under Rule 15. In making that determination, the Court considers five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether Plaintiffs have previously amended their complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).[3]

## IV. <u>ARGUMENT</u>

### A. Plaintiffs Cannot Establish Good Cause Under Rule 16.

Rule 16's good cause inquiry turns primarily on Plaintiffs' diligence. Plaintiffs

---

[2] Plaintiffs concede that the Rule 16 good cause standard applies because they brought their Motion after the deadline to hear a motion to amend the pleadings expired. Pls.' Mot. at 2.

[3] Plaintiffs alternatively suggest that the April 10, 2026 deadline for hearing motions to amend does not apply. (Pls. Mot. at 2, fn. 2.) But the deadline does apply. The procedural history that Plaintiffs reference (the Court taking Defendants' Motion to Dismiss under submission on March 20, 2026, and the Parties' subsequent stipulation staying Defendants' deadline to respond to the First Amended Complaint pending resolution of the Motion to Compel Arbitration (ECF No. 62)) stayed only Defendants' responsive-pleading deadline. Neither order extended or stayed the Court's April 10, 2026 deadline to hear motions to amend the pleadings. (ECF No. 47.) Plaintiffs' Motion comes four months after that deadline expired. Accordingly, Rule 16's good cause requirement applies in the first instance, and only if Plaintiffs can make the necessary showing does the Court proceed to consider whether amendment is appropriate under Rule 15.

therefore must show that, despite their diligence, they could not have reasonably met the Court's deadline for seeking leave to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (a motion to amend may be granted after the deadline in the scheduling order if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension"); *see Abbywho, Inc. v. Interscope Records*, No. CV 06-6724 MMM (JTLx), 2007 U.S. Dist. LEXIS 105042, at *4 (C.D. Cal. July 25, 2007) (explaining that good cause requires a showing that, even with due diligence, the moving party was unable to meet the court-ordered deadline). Plaintiffs cannot make that showing.

**1. *Plaintiffs Could Have Sought Substitution Before the Court's Deadline.***

Plaintiffs were aware of the issues concerning the existing putative class representatives well before the Court's deadline for seeking leave to amend. Defendants first informed Plaintiffs in March 2026 that Plaintiffs Scott Adair and Kent Henderson had created accounts on the Website, accepted the Website's terms of service, and had therefore agreed to arbitrate any claims arising from their use of the Website. (ECF No. 52-2, ¶ 9.) At that point, Plaintiffs were on notice that Defendants disputed whether Adair and Henderson could continue litigating their claims in this Court, and that the issue could affect their ability to serve as class representatives. Yet Plaintiffs did not seek leave to substitute or add another representative before the Court's April 2026 deadline. Nor did they seek an extension of that deadline while the issue was being investigated and disputed. Instead, Plaintiffs allowed the deadline to expire without taking any action to preserve the ability to substitute another representative. Plaintiffs only sought leave to amend after they did not receive a favorable decision on Defendants' motion to compel arbitration.

That is not diligence under Rule 16. Courts find a lack of diligence where a party knows the facts underlying a potential amendment but delays without adequate

explanation. "A party . . . cannot show good cause if the party 'knew or should have known of the grounds for the claims [the party] sought to add well before [the party] moved for leave to amend.'" *RePET, Inc. v. Zhao*, No. EDCV 15-2315-VAP (SPx), 2017 U.S. Dist. LEXIS 224774, at *5-*6 (C.D. Cal. Jan. 13, 2017) (finding defendant was not diligent where it knew or should have known of the grounds for the proposed amendment before the deadline in the scheduling order because it was personally involved in the facts giving rise to the new affirmative defenses) (citations omitted). "Where a party seeks to amend a pleading based on facts that were available before the stipulated deadline for amendment, and the party seeking amendment provides no reason for the delay, a district court is 'well within its discretion' to deny the party leave to amend." *Green Payment Sols., LLC v. First Data Merch. Servs. Corp.*, No. CV 18-1463 DSF (ASx), 2018 U.S. Dist. LEXIS 224296, at *5 (C.D. Cal. Oct. 30, 2018) (quoting *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)); *see Du Maurier v. Laguna Beach Police Dep't*, No. SA CV 10-01855 SJO (JCG), 2011 U.S. Dist. LEXIS 143658, at *10 (C.D. Cal. Sep. 2, 2011) (holding that plaintiff did not act diligently when facts were available to plaintiff a month before deadline to amend).

That same reasoning applies here. Plaintiffs should have confirmed that they did not have Website accounts before initiating this litigation. Plaintiffs should have confirmed that they did not have Website accounts when it was revealed in March 2026 that the third (now dismissed) plaintiff had an account. Plaintiffs knew in March 2026 that their email addresses were used to create Website accounts. And Plaintiffs knew in March 2026—weeks before the Court's April 2026 deadline for amendment—that there was a concrete dispute concerning the creation of Plaintiffs' accounts and their obligation to arbitrate. Whether Plaintiffs believed they could ultimately prevail on that dispute does not explain why they could not have timely sought leave to amend or, at a minimum, sought additional time from the Court to do so. Because Plaintiffs had

notice of the issue well before the deadline and nevertheless chose not to act, they cannot show that, despite their diligence, they could not reasonably have met the Court's deadline.

### 2. *Plaintiffs Offer No Explanation of When They Identified the Proposed Substitute Plaintiff.*

Plaintiffs' Motion also leaves a critical gap in their showing of diligence: it does not explain when they identified the proposed new plaintiff, William Cabezas. Plaintiffs do not state when they first learned of Cabezas, when they contacted him, when he agreed to serve as a class representative, or when they determined that he could purportedly pursue the claims they now seek to assert on his behalf. Nor do Plaintiffs contend that Cabezas, or another potential substitute representative, could not have been identified before the Court's amendment deadline.

That omission is significant under Rule 16 because Plaintiffs bear the burden of showing that, despite their diligence, they could not reasonably have met the Court's deadline. *Henderson v. City of Los Angeles*, No. CV 17-7494 PA (RAOx), 2018 U.S. Dist. LEXIS 225572, at *4-*5 (C.D. Cal. Mar. 26, 2018) (citing *Johnson*, 975 F.2d at 609). Yet without any chronology concerning their efforts to identify a substitute representative, the Court cannot determine whether Plaintiffs acted diligently or whether any circumstance preventing earlier amendment arose only after the deadline had passed.

Either possibility undermines Plaintiffs' showing. If Plaintiffs identified Cabezas before the deadline, they offer no explanation for failing to seek leave to amend at that time. If they identified Cabezas only after the deadline, they do not explain why Cabezas, or another substitute representative, could not have been identified earlier through diligent efforts. In either event, Plaintiffs have not shown that they could not reasonably have met the Court's amendment deadline despite their diligence.

### 3. *The Court's Order on Defendants' Motion to Compel Does Not Establish Good Cause.*

Plaintiffs cannot establish diligence by pointing to the Court's subsequent Order directing a trial on Defendants' Motion to Compel Arbitration. The Order did not create the underlying issue concerning the existing class representatives or first put Plaintiffs on notice of the risk that those representatives could be compelled to arbitration. Plaintiffs were aware of that issue before the amendment deadline, when Defendants first raised the facts underlying their arbitrability position. Courts routinely hold that plaintiffs have not acted diligently when the facts prompting the motion to amend were available before the deadline. *See, e.g., Du Maurier*, 2011 U.S. Dist. LEXIS 143658, at *10; *Anthony v. Iron Mt., Inc.*, No. 2:20-cv-05932-AB (ASx), 2021 U.S. Dist. LEXIS 183305, at *7 (C.D. Cal. Sep. 23, 2021) (denying motion for leave to amend when the majority of facts were previously known to plaintiff; therefore, "the Court cannot find that he was diligent in seeking amendment").

Plaintiffs have not introduced any new facts that were not available before the deadline to move to amend. The Court's later Order merely established the procedure for resolving the preexisting factual dispute. Nor do Plaintiffs identify anything in the Court's Order that prevented them from seeking amendment earlier. To the contrary, Plaintiffs continue to maintain that the existing representatives will prevail at the Trial and will not be compelled to arbitration. (Pls.' Mot. at 1-2.) Their present Motion is therefore not based on some newly discovered defect in the existing representatives or a new fact that arose only after the amendment deadline. It instead seeks to protect against a litigation risk that Plaintiffs knew existed before the deadline but voluntarily elected not to address at the time.

Rule 16 does not permit a party to establish good cause merely by waiting to see how a known issue develops and then seeking to amend after the court-ordered deadline has passed. Plaintiffs knew of the issue before the deadline, did not seek amendment

or an extension, do not explain when they identified the proposed substitute representative, and do not identify any post-deadline development that made timely amendment impossible despite diligent efforts. The consequences of that choice fall on Defendants. Had Plaintiffs moved to substitute when they were put on notice of the accounts in March 2026, Defendants could have avoided spending months investigating Plaintiffs' account creation, meeting and conferring on the issue, and fully briefing the Motion to Compel Arbitration, only to face Plaintiffs' belated attempt to substitute a new representative and avoid arbitration altogether. Plaintiffs' lack of diligence is therefore not a mere technical failing; it is the cause of real prejudice to Defendants. Plaintiffs cannot show that, despite their diligence, they could not reasonably have met the Court's deadline for seeking leave to amend.

**B. Even If Plaintiffs Establish Good Cause Under Rule 16, Leave Should Be Denied Under Rule 15.**

Even if Plaintiffs could satisfy Rule 16's threshold good cause requirement, leave to amend is not warranted under Rule 15. In evaluating a motion for leave to amend under Rule 15, courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 738. Although Rule 15 reflects a liberal policy in favor of amendment, that policy is not absolute: the Court may deny leave based on prejudice or a strong showing of ***any one*** of the remaining factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

***1. Allowing Leave to Amend Will Prejudice Defendants.***

Plaintiffs could have sought leave to amend any time after they purportedly learned for the first time that they have Website accounts and do not fit their own class definition. Instead, they waited not only until the deadline to amend had passed, but also until after the Parties had spent considerable time and resources investigating the

facts relating to Plaintiffs' account creation, engaging in multiple meet and confers on the issue, and fully briefing a fact-intensive Motion to Compel. Courts routinely deny leave to amend finding undue prejudice where, like here, the parties had already expended significant resources litigating the issue. *See e.g., Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444 DDP (PLAx), 2009 U.S. Dist. LEXIS 88574, at *10-*11 (C.D. Cal. Sep. 24, 2009) (denying motion to amend based in part on prejudice to defendant "after almost one year of motion practice, fairly extensive discovery, a motion to dismiss dealing with issues particular to [the current Plaintiffs]" and when the amendment would "mandate 're-exploring the same issues that were already covered with [the current Plaintiffs].'"); *Lindblom v. Santander Consumer USA Inc.*, No. 1:15-cv-00990-AWI-BAM, 2019 U.S. Dist. LEXIS 163550, at *31-*32 (E.D. Cal. Sep. 23, 2019) ("Allowing Plaintiff leave to name a new class representative would derail this case and would require significant and costly discovery to essentially relitigate the case, including determining whether this new unidentified class representative is truly in the class and an adequate and typical representative as well as whether class certification would otherwise be appropriate with this new unidentified plaintiff.").

Plaintiffs' assertion that no prejudice exists because discovery to date has not been representative-specific and no depositions have been taken (Pls.' Mot. at 6-7) ignores the party and judicial resources already devoted to investigating and litigating arbitrability. Plaintiffs should not be permitted to avoid that now that it appears they might lose on the arbitration issue. Rule 15 does not permit Plaintiffs to hold amendment in reserve while litigating with their chosen representatives and then seek a replacement only after a ruling on a motion to compel arbitration makes that strategy less favorable. Courts have denied motions to amend when a party strategically times amendment to assess or avoid an anticipated adverse ruling. *See, e.g., Calzadillas v. Wonderful Co.*, LLC, No. 1:19-cv-00172-DAD-JLT, 2019 U.S. Dist. LEXIS 184643,

at *12 (E.D. Cal. Oct. 23, 2019) (denying amendment where, after facing likely compelled arbitration, plaintiffs sought amendment as part of an effort to avoid that result and pursue the same claims in another forum); *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1060 (N.D. Cal. 2015) (denying amendment where plaintiff delayed seeking amendment until she could first "preview" defendants' motion to compel arbitration before deciding whether to pursue a different litigation course); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-1399 (9th Cir. 1986) (affirming denial of leave to amend where plaintiffs' motion was brought to "avoid the possibility of an adverse summary judgment ruling" and amendment would require additional discovery). Plaintiffs' decision to defer amendment while awaiting development on arbitrability, and then to seek substitution only after the Court decides arbitrability, imposes the entire cost of that approach on Defendants, is fundamentally unfair, and weighs against leave.

Likewise, Plaintiffs' reliance on cases finding no prejudice where "both the theory and the operative facts of the claim remain the same" is misplaced in the class-representative-substitution context. Unlike an amendment that adds a claim or theory against an existing party, substituting an entirely new, previously unnamed individual as the sole class representative requires discovery into that individual's unique circumstances, including their standing, typicality, and adequacy to represent the class. That discovery here with respect to Cabezas has not yet occurred regardless of whether the underlying causes of action remain unchanged. *See Lindblom*, 2019 U.S. Dist. LEXIS 163550, at *31-*32 (substitution would require "significant and costly discovery . . . including determining whether this new unidentified class representative is truly in the class and an adequate and typical representative").

### 2. *Plaintiffs Unduly Delayed in Seeking Amendment.*

Plaintiffs' delay independently weighs against amendment. By the time Plaintiffs filed their Motion, approximately five months had passed since Defendants

first informed them of the issue concerning the existing representatives, approximately four months had passed since the Court's deadline for seeking leave to amend, and approximately one month had passed since the Court entered its Order on Defendants' Motion to Compel Arbitration. Plaintiffs also waited until after Defendants had filed and litigated the Motion to Compel before seeking leave to amend.

Plaintiffs measure their diligence from the Court's July 17, 2026 Order alone, arguing that they filed within twenty-eight days of that ruling and citing *Bates v. Leprino Foods Co.*, No. 2:20-cv-00700-AWI-BAM, 2022 U.S. Dist. LEXIS, at *4-5 (E.D. Cal. Aug. 16, 2022), for the proposition that diligence is "easily demonstrated" when a party moves for substitution "several weeks" after the grounds for substitution surface. (Mot. at 5-6.) But *Bates* addressed diligence in acting on grounds for substitution that had only recently come to light. Here, by contrast, Plaintiffs had actual notice of the account and arbitration issue underlying the proposed substitution for approximately five months, and waited more than four months after the Court's amendment deadline expired, before acting. The relevant period runs from when Plaintiffs learned the facts underlying the proposed amendment, not from the ruling that made those facts inconvenient.

Nor did Plaintiffs promptly raise amendment once the Court's deadline had passed. Plaintiffs first indicated that they wished to substitute a new representative approximately three months after the amendment deadline and approximately four months after they were first informed of the issue concerning the existing representatives. Yet their Motion does not identify any newly discovered fact during that interval that explains why amendment could not have been brought sooner.

Courts evaluating undue delay under Rule 15 consider whether the moving party knew or should have known the facts and theories supporting the proposed amendment earlier in the litigation. *Walck v. Dunkerson*, 316 F. App'x 608, 609 (9th Cir. 2009) ("Relevant to evaluating the delay issue is whether the moving party knew or should

have known the facts and theories raised by the amendment in the original pleading.") (citation omitted). Plaintiffs knew of the account and arbitration issue months before filing their Motion but waited until after the amendment deadline had expired, after Defendants had moved to compel, and after the Court had ordered a trial on the account-creation issue. That undue delay weighs heavily against granting leave.

**3. *Plaintiffs' Prior Amendment Further Weighs Against Leave.***

Plaintiffs have already amended their complaint once, which also weighs against granting further leave to amend. (ECF No. 24.) A "district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint." *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1099 (9th Cir. 2024) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). While Plaintiffs may argue that the amendment preceded Defendants putting them on notice in March 2026 of the account-creation issue, Plaintiffs were responsible from the outset for investigating the factual circumstances of their chosen class representatives. Indeed, Plaintiffs voluntarily dismissed another named plaintiff after it became apparent that he had created a Website account. Nothing therefore prevented an investigation into whether Adair and Henderson had accounts, or from identifying potential substitute representatives, before the filing of the amended complaint.

Because prejudice, undue delay, and Plaintiffs' prior amendment each independently support denial, the Court need not separately evaluate the bad faith or futility factors: a strong showing on any single Rule 15 factor is sufficient to deny leave, regardless of how the remaining factors are resolved. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend to Substitute Class Representative.

DATED: September 11, 2026

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.

By: */s/ Christopher A. Lisy*

Christopher A. Lisy (admitted *pro hac vice*)
Seth R. Goldman (admitted *pro hac vice*)
Nada I. Shamonki
Nadia A. Zivkov

*Attorneys for Defendants Aylo Freesites Ltd. and 9219-1568 Quebec Inc.*

**LOCAL RULE 11-6.2 CERTIFICATION**

The undersigned, counsel of record for Defendants, certifies that this brief contains no more than 7,000 words, which complies with the word limit of L.R. 11-6.1.

Date: September 11, 2026

/s/ Christopher A. Lisy
Christopher A. Lisy