James C. Shah (SBN #260435)
Email: jcshah@millershah.com
Kolin C. Tang (SBN #279834)
Email: kctang@millershah.com
**MILLER SHAH LLP**
8730 Wilshire Blvd., Suite 400
Los Angeles, CA 90211
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

**[Additional Counsel in Signature Block]**

*Attorneys for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT ADAIR, KENT HENDERSON, and TARRIS WALLACE, individually and on behalf of a class of similarly situated individuals,<br>*Plaintiffs,*<br>v.<br>AYLO FREESITES LTD., a foreign entity, AYLO HOLDINGS S.A.R.L., a foreign entity, 9219-1568 QUEBEC, INC., a foreign entity, AYLO USA INCORPORATED and AYLO GLOBAL ENTERTAINMENT, INC.<br>*Defendants.* | Case No. 2:25-cv-06351-WLH-KS<br><br>Assigned to: Hon. Wesley L. Hsu<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO SUBSTITUTE CLASS REPRESENTATIVE**<br><br>Hearing Date: October 2, 2026<br><br>Time: 1:30 p.m.<br><br>Place: Courtroom 9B, 9th Floor<br>First Street U.S. Courthouse<br>350 W. First Street<br>Los Angeles, CA 90012 |

**INTRODUCTION**

Defendants' Opposition (ECF Doc. No. 75, the "Opp.") does not dispute the central fact underlying Plaintiffs' Motion for Leave to Amend to Substitute Class Representative (ECF Doc. No. 72, the "Motion"): substituting William Cabezas as class representative will not change a single claim, theory, or legal issue in this case. The three causes of action in the operative complaint already survived Defendants' motion to dismiss in full. ECF Doc. No. 58. Mr. Cabezas would assert the same claims, based on the same course of conduct, that this Court has already held to be well pled. What Defendants actually object to is not any prejudice from a change in the litigation (there is none) but the loss of a satellite dispute over whether Plaintiffs Adair and Henderson personally created two Website accounts, an issue that has no bearing on whether Defendants' conduct violated the law as to the class. Rule 15's liberal amendment standard, and the equitable principles that govern substitution of class representatives specifically, exist precisely so that a case is not held hostage to circumstances personal to an individual plaintiff when the class's claims can proceed unaffected. Defendants' Opposition is unconvincing for three independent reasons.

First, Plaintiffs were diligent under Rule 16. Contrary to Defendants' framing, Plaintiffs did not sit on a known, ripe ground for amendment for five months. The premise of Defendants' arbitration argument – that Adair and Henderson knowingly created Pornhub accounts – has been disputed since Defendants first raised it and remains disputed today. ECF Doc. No. 66. Good cause for the present Motion did not arise from any new admission about Plaintiffs' own conduct; it arose when the Court's July 17, 2026 Order made clear that, win or lose, resolving that threshold, plaintiff-specific dispute would require months of additional discovery, depositions, and a jury trial before the class's claims could move forward at all. *Id.* at 14-15. Plaintiffs filed this Motion within 28 days of that Order after twice conferring with Defendants on the requested relief, the kind of diligence Rule 16 requires.

Second, even accepting Defendants' version of the timeline, Defendants identify no cognizable prejudice. The "prejudice" Defendants describe – time and resources spent investigating account creation, meeting and conferring, and briefing the motion to compel arbitration – is the ordinary cost of a motion Defendants chose to bring on an issue personal to two individuals, not prejudice caused by allowing a new plaintiff to step into their place on unchanged claims. Defendants do not identify a single new theory, new legal issue, or item of class-wide discovery that Mr. Cabezas's substitution will require redoing.

Third, the remaining Rule 15 factors provide no independent basis for denial. Any delay was explained and non-prejudicial; a single prior amendment, made before the account issue even arose, does not trigger the heightened scrutiny reserved for repeat amenders, and Defendants do not contest futility or bad faith. The Court should grant the Motion.

## ARGUMENT

### A. Plaintiffs Have Good Cause to Seek Substitution[1]

Defendants' entire Rule 16 argument rests on a single premise: that Plaintiffs "were on notice" as of March 16, 2026 that Plaintiffs Adair and Henderson were "ineligible to pursue claims on behalf of a differently situated putative class." Opp at 2. But that is not what Plaintiffs knew in March 2026. What Plaintiffs knew is that Defendants alleged Adair and Henderson had created Website accounts, an allegation Plaintiffs disputed, and continue to dispute, by sworn declaration supported by screenshots showing no record of any such account creation. *See* ECF Doc. No. 60. Plaintiffs remain prepared to try that question to a jury.

Rule 16 diligence is not measured by whether a party was aware its opponent had raised a contested allegation but by whether the party knew or should have

[1] As in their Motion, Plaintiffs assume for present purposes that Fed. R. Civ. P. 16(b) applies to their current request for leave to substitute. *See* ECF Doc. No. 72 at 2, fn.2.

known the grounds actually underlying the proposed amendment. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The ground underlying this Motion is not "Plaintiffs created the accounts and are therefore barred" – Plaintiffs make no such concession and Defendants do not contend otherwise. The ground is that, regardless of who would ultimately prevail on that disputed factual question, the Court's July 17, 2026 Order established that resolving it would cause *significant delay*, requiring substantial additional discovery, depositions, and a full jury trial on an issue ultimately tangential to the substantive claims at issue in this case. This delay and expense serve no one's interest, least of all the absent class members whose claims have already survived a motion to dismiss in full. *See* ECF Doc. No. 58.

As stated in Plaintiffs' opening brief, amendment would be appropriate even after such a trial occurred (assuming, *arguendo*, that the jury determined Plaintiffs did intentionally create Pornhub accounts, which they deny). *Millar v. Express Techs. Ltd.,* 2026 U.S. Dist. LEXIS 47628, at *3 (C.D. Cal. Mar. 3, 2026) ("Although Plaintiffs knew of ExpressVPN's position that Millar's claims were subject to an arbitration clause, Plaintiffs did not lack a good faith basis to challenge that position and could not have known how the court would rule until the court ruled. By the time the court ruled, it was too late to bring a regularly-noticed motion to amend pleadings, much less have in place a vetted, appropriate substitute Plaintiff.").

As of this filing, the Court has still not ruled on the arbitrability issue. The reasoning in *Millar* is therefore even more persuasive here and demonstrates that, rather than delaying, unnecessarily extending the litigation, or requiring the expenditure of further resources to reach that ruling, Plaintiffs have moved to substitute to let the parties and the Court focus on the substance of this case instead of pouring time and money into a trial which will have one of two outcomes: Plaintiffs will prevail and proceed as class representatives or they will be compelled to

arbitration and Mr. Cabezas will move *then* to be substituted as a class representative, as in *Millar*.

There is nothing dilatory or prejudicial about Plaintiffs' proposal to substitute a class representative who can adequately protect the interests of the putative class.[2] Rather than drawing out the litigation or increasing its costs, Plaintiffs' intent is to do the exact opposite: permit both sides and the Court to focus their efforts and energies on the underlying dispute in light of "the strong policy reflected in Rule 15(a) to facilitate a proper disposition on the merits." *United States v. Harper's Pharmacy, Inc*., 2025 U.S. Dist. LEXIS 145923, at *6 (C.D. Cal. May 27, 2025).

That is precisely the interest Rule 23 exists to protect, and courts have consistently permitted substitution to serve it. *See, e.g., Sloan v. GM LLC,* 2020 U.S. Dist. LEXIS 167905, at *27 (N.D. Cal. Sep. 14, 2020) (permitting late-stage substitution of a certified class representative over defendant's objection that it would be prejudicial); *Phillips v. Ford Motor Co*., 435 F.3d 785, 787 (7th Cir. 2006) (substitution of named plaintiffs is a "routine" and "unexceptionable" feature of class litigation); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404, 415 n.8 (1980) (where a named plaintiff's individual position becomes compromised, "the court may seek a substitute representative"). Plaintiffs have not delayed in seeking substitution and have therefore demonstrated good cause under Fed. R. Civ. P. 16(b). *Johnson*,

---

[2] Defendants fault Plaintiffs for not stating precisely when they identified Mr. Cabezas. Opp. at 7-8. But Defendants cite no authority holding that Rule 16 requires a moving party to provide a date-by-date chronology of when it located a substitute plaintiff, as opposed to showing the diligence with which it moved once the need for substitution became clear, which Plaintiffs have shown. Indeed, Defendants' own cited case simply addresses diligence in raising the grounds for amendment, not the process of identifying a specific individual to assert claims those grounds already support. *See Henderson v. City of Los Angeles*, 2018 U.S. Dist. LEXIS 225572, at *4-5 (C.D. Cal. Mar. 26, 2018).

975 F.2d at 609 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment").

**B. Plaintiffs Have Good Grounds to Amend Under Rule 15**

Because Plaintiffs have shown good cause under Rule 16, the Court proceeds to the "extremely liberal" standard of Rule 15(a)(2), under which all inferences are drawn in favor of granting leave. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Prejudice is "the touchstone of the inquiry," and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original). Defendants cannot make that showing.[3]

***1. Defendants Identify No Cognizable Prejudice***

Defendants' prejudice argument reduces to the fact that they have already spent time and money investigating whether Adair and Henderson created accounts, meeting and conferring about it, and briefing their motion to compel arbitration. Opp. at 9-11. But that is not prejudice from the proposed amendment, it is the cost Defendants incurred litigating a motion of their own choosing, on an issue personal to two individuals that has nothing to do with the substantive claims Mr. Cabezas would assert. Rule 15 asks whether the amendment itself would unfairly burden Defendants going forward (for example, by requiring them to relitigate issues already resolved as to a different party or to defend against new theories), not whether Defendants spent money on a dispute the amendment will moot. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (no prejudice where the opposing party remains "fully prepared to litigate the substantive issues of the claim" because "both the theory and the operative facts of the claim remain the same").

---

[3] Defendants do not argue that Plaintiffs' Motion is brought in bad faith or that amendment to substitute Mr. Cabezas would be futile.

Here, the theory and operative facts of every claim are identical, they already survived Defendants' motion to dismiss in full and Defendants do not argue otherwise. And, of course, proceeding to trial on the account creation dispute will only require Defendants, and the Court, to incur *substantially* more expense and expend *substantially* more time. Plaintiffs' proposed substitution avoids this burden and the resultant prejudice entirely.

Defendants' cited authorities are readily distinguishable. In *Velazquez v. GMAC Mortg. Corp.*, the court found prejudice because the proposed amendment would require the parties to "re-explor[e] the same issues that were already covered with" the existing plaintiffs after nearly a year of "fairly extensive discovery" and a motion to dismiss addressing issues "particular to" those plaintiffs. 2009 U.S. Dist. LEXIS 88574, at *10-11 (C.D. Cal. Sept. 10, 2009). Here, by contrast, the motion to dismiss resolved the sufficiency of the claims themselves, not any issue particular to Plaintiffs Adair or Henderson, ECF Doc. No. 58, and that ruling survives the substitution intact. Nothing about Mr. Cabezas's claims requires "re-exploring" any issue the parties have already litigated.

*Lindblom v. Santander Consumer USA Inc.*, 2019 U.S. Dist. LEXIS 163550 (E.D. Cal. Sept. 23, 2019) is no different. The court there found prejudice because substitution would require "determining whether this new unidentified class representative is truly in the class and an adequate and typical representative." *Id.* at *31-32. That is true of any newly named class representative in any case at this procedural juncture and says nothing about whether allowing that ordinary, garden-variety class discovery now, rather than after months of additional litigation and a trial on an unrelated issue, imposes any incremental burden on Defendants. Defendants do not identify one. The discovery Defendants have produced to date is not specific to any particular named class representative but is rather general information that is relevant to the class as a whole, and Plaintiffs' depositions have

not been taken, precisely the circumstances under which courts find no prejudice from substitution. *See Tavakolian v. Great Am. Life Ins. Co*., 2023 U.S. Dist. LEXIS 211876, at *24-25 (C.D. Cal. June 12, 2023) (permitting substitution, rejecting the defendant's argument that it would be prejudiced because "[t]he parties ha[d] conducted multiple depositions and engaged in extensive written discovery and motion practice, including a motion for judgment on the pleadings" and "the deadline for motions for class certification ha[d] passed").

Defendants' remaining authorities involve materially different conduct: parties who tried to avoid an adverse ruling on the merits of their own claims by switching forum or theories entirely. *See Calzadillas v. Wonderful Co., LLC*, 2019 U.S. Dist. LEXIS 184643, at *12 (E.D. Cal. Oct. 23, 2019) (plaintiffs sought amendment to pursue the same claims in a different forum after facing likely compelled arbitration); *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1060 (N.D. Cal. 2015) (plaintiff delayed seeking amendment until she could "preview" defendant's motion to compel arbitration before deciding whether to pursue a different litigation course); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (plaintiffs sought amendment to avoid a looming adverse summary judgment ruling on their own claims, requiring additional discovery). Nothing comparable is happening here. Plaintiffs Adair and Henderson are not fleeing an adverse ruling on the class's claims or even the question of their alleged account creation, as there has been none, and Mr. Cabezas is not asserting some new theory to escape one. He would assert the same claims this Court has already sustained, on behalf of the same class, in the same forum. The only thing that changes is the identity of the individual representing the absent class members whose interests lie at the heart of this litigation.

//

//

//

### 2. *Any Delay Was Explained and Is Not, By Itself, a Basis for Denial*

Even *were* the Court to credit Defendants' description of the timeline and contention that Plaintiffs should have moved to substitute based simply on the specter of a disputed issue, delay alone does not defeat leave to amend absent prejudice or bad faith. *See United States v. United Healthcare Ins. Co*., 848 F.3d 1161, 1184 (9th Cir. 2016) ("[u]ndue delay by itself is insufficient to justify denying leave to amend"). Because Defendants have shown neither cognizable prejudice nor bad faith, any delay – which, as explained above, is fully accounted for by Plaintiffs' good-faith litigation of a disputed factual issue and their prompt action once the Court clarified what resolving that issue would require – does not independently support denial.

### 3. *A Single Prior Amendment Made Before the Account Issue Arose Does Not Weigh Against Leave*

Defendants note that Plaintiffs have amended once before. Opp. at 13. But the "particularly broad" discretion to deny leave for repeated amendment, *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1099 (9th Cir. 2024), addresses parties who have already had multiple opportunities to get their pleading right and continue to seek more. Plaintiffs' single prior amendment, filed before Defendants ever raised the account-creation issue, reflects nothing of the kind. A first request to substitute a class representative in response to a discrete, later-arising circumstance is not the "repeated failure to cure deficiencies" that this guardrail is designed to address. *Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989).

## CONCLUSION

In order to promote disposition on the merits and to avoid expense, delay and prejudice, Plaintiffs respectfully request that the Court: (1) grant leave to file the proposed Second Amended Complaint substituting William Cabezas as representative for the putative class; and, concurrently (2) dismiss the claims of Plaintiffs Scott Adair and Kent Henderson without prejudice.

Dated: September 18, 2026

Respectfully submitted,

**MILLER SHAH LLP**

*/s/ Kolin C. Tang*
James C. Shah (SBN #260435)
Email: jcshah@millershah.com
Kolin C. Tang (SBN #279834)
Email: kctang@millershah.com
8730 Wilshire Blvd., Suite 400
Los Angeles, CA 90211
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

Kyle Shamberg (admitted *PHV*)
Email: kyle@csclassactions.com
**Carroll Shamberg LLC**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (872) 215-6205

*Attorneys for Plaintiff and the Putative Class*

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,618 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 18, 2026

*/s/ Kolin C. Tang*
Kolin C. Tang